Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CARLOS MERCADER PÉREZ<br><br>Recurrido<br><br>V.<br><br>KRYSTAL LARACUENTE CORTÉS<br><br>Peticionaria | TA2025CE00020 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón<br><br>Caso Núm.: GB2023RF00028<br><br>Sobre: Alimentos |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de julio de 2025.

El 22 de junio de 2025, compareció la señora Krystal Laracuente Cortés (en adelante, señora Laracuente Cortés o parte peticionaria), mediante recurso de *Certiorari.* Por medio de este, nos solicita que revisemos la *Orden* emitida el 7 de mayo de 2025, y notificada el 12 de mayo de 2025, por el Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Solicitud de Revisión de Pensión Alimentaria por Cambio Sustancial,* interpuesta por la parte peticionaria.

Por los fundamentos que adelante se exponen, se *deniega* la expedición del *Certiorari.*

**I**

De entrada, nos compete destacar que, esta es la tercera ocasión que la parte peticionaria recurre ante esta Curia dentro del mismo pleito judicial. Adoptamos por referencia el trámite procesal del caso plasmado en la *Sentencia* emitida por este panel el 25 de

marzo de 2024, en el caso con designación alfanumérica KLAN202400071 y en la *Resolución* emitida el 25 de abril de 2024, en el caso con designación alfanumérica KLCE202400414. Por tanto, nos circunscribimos a reseñar las incidencias procesales ocurridas con posterioridad.

Según hemos reseñado en los casos anteriores, el 21 de marzo de 2023, el señor Carlos Mercader Pérez (en adelante, señor Mercader Pérez o parte recurrida), presentó una *Solicitud de Fijación de Pensión*. De la aludida solicitud surge que, las partes de epígrafe son los progenitores de la menor ALML, nacida en el mes de noviembre de 2022.

En lo aquí pertinente, el 28 de marzo de 2025, la señora Laracuente Cortés presentó la *Solicitud de Revisión de Pensión Alimentaria por Cambio Sustancial*. En esencia, la parte peticionaria sostuvo que, luego de que se fijara la pensión alimentaria, tuvo que cambiar el lugar de residencia y que por ello, aumentó el gasto de alquiler y se añadió un nuevo gasto de jardinería. Asimismo, indicó que, el cambio de residencia tuvo impacto en los gastos de gasolina y peaje, ya que ella y la menor se mudaron de Guaynabo a Caguas. En su petitorio, la señora Laracuente Cortés adujo que, en el mes de agosto de 2024, la menor comenzó en un cuido en Guaynabo y que, debido a ello, el costo en compra de alimentos había aumentado por la compra de meriendas. De igual manera, expresó que, debido a que tuvo un cambio de empleo, ha tenido que contratar los servicios de cuido extendido para la menor. Alegó que, la parte recurrida se había negado a cubrir los gastos de meriendas y cuido. La parte peticionaria, también adujo que, tuvo que cambiar su unidad vehicular y que, como consecuencia, el pago mensual del auto y el costo del seguro de este habían aumentado. En su moción, además, incluyó la siguiente tabla que reflejaba el alegado aumento de gastos mensuales fijos:

| | Gasto Actual | Gasto Anterior | Diferencia |
|---|---|---|---|
| Jardinero | $180.00 | $0.00 | + $180.00 |
| Seguro Auto | $1,873.00 | $1,300.00 | + $508.00 |
| Renta Hogar | $2,700.00 | $1,300.00 | + $1,400.00 |
| Mantenimiento San Pedro | $150.00 | $0.00 | + $150.00 |
| Auto (Guagua) | $1,162.11 | $679.00 | + $483.11 |
| TOTAL: | $6,065.11 | $3.344.00 | $2,721.11[1] |

Finalmente, le solicitó al foro primario que declarara Ha Lugar su solicitud y refiriera el asunto ante la Examinadora de Pensiones Alimentarias.

Por su parte, el señor Mercader Pérez, presentó la oposición a la solicitud presentada por la parte peticionaria. Mediante esta, en primer lugar, sostuvo que, bajo las circunstancias del caso de epígrafe no se justificaba modificar la pensión alimentaria en esta etapa, y que, dicha solicitud no respondía al mejor bienestar de la menor, sino, a los intereses económicos personales de la parte peticionaria. Destacó que, había aceptado capacidad económica con el propósito de cubrir las necesidades razonables de la menor ALML. Alegó que, tanto los gastos de meriendas como los del cuido se encontraban incluidos en la pensión alimentaria. Añadió que, mediante la *Orden* del 1 de agosto de 2024, se había determinado que, la partida del cuido incluida en la pensión alimentaria estaría destinada al pago del pre-escolar autorizado por ambas partes y que, sería asumida por la parte recurrida en su totalidad. Arguyó que, tampoco procedía que se tomara en consideración el cambio de automóvil de la parte peticionaria para modificar la pensión alimentaria. Sostuvo, además que, no era razonable el aumento de alrededor de un 120% en el gasto de la vivienda a la que se mudó la señora Laracuente Cortés, sin antes consultarlo con la parte recurrida. Asimismo, citó el Art. 17(g) de las Guías Mandatorias para

---

[1] Estos gastos no contemplan el cuido extendido y la compra de meriendas para la menor, así como el gasto de gasolina y peaje, el cual varía de semana en semana. – Nota contenida en la solicitud de modificación de pensión alimentaria de la parte peticionaria.

Fijar y Modificar Pensiones Alimentarias en Puerto Rico. Por último, expresó que entendía que, bajo las circunstancias específicas del caso, no procedía la revisión de la pensión alimentaria solicitada por la parte peticionaria.

Así las cosas, el 7 de mayo de 2025, el Tribunal de Primera Instancia emitió la *Orden* cuya revisión nos atiene, por medio de la cual dispuso lo siguiente:

> EVALUADA LA POSICIÓN DE LAS PARTES, SE DECLARA NO HA LUGAR LA SOLICITUD DE REVISIÓN DE PENSIÓN ALIMENTARIA PRESENTADA POR LA PARTE DEMANDADA. LOS CAMBIOS SUSTANCIALES EN LOS GASTOS DE LA DEMANDADA SON POR DECISIÓN PROPIA Y NO ATRIBUIBLES A LA MENOR, CON EXCEPCIÓN DEL CUIDO EXTENDIDO. DEL CUIDO EXTENDIDO SER COMO CONSECUENCIA DEL TRABAJO DE LA DEMANDADA Y EL DEMANDANTE NO ESTAR DISPONIBLE PARA CUIDAR A LA MENOR, SE ORDENA AL DEMANDANTE A CUBRIR DICHO COSTO.

En desacuerdo, la parte peticionaria presentó *Solicitud de Reconsideración*. La aludida solicitud fue declarada No Ha Lugar mediante *Resolución Interlocutoria* emitida el 27 de mayo de 2025 y notificada el 29 del mismo mes y año. En dicha resolución dispuso lo siguiente:

> LA DETERMINACIÓN DE ESTE TRIBUNAL NO ESTUVO BASADA EN SI LOS ALEGADOS CAMBIOS INFORMADOS ERAN UNOS SUSTANCIALES. POR EL CONTRARIO, LA DETERMINACIÓN ESTUVO BASADA EN LA INFORMACIÓN QUE SURGE DEL PROPIO ESCRITO DE LA DEMANDADA. ESTO DEBIDO A QUE ES ÉSTA QUIEN DETERMINÓ EL TIPO, COSTO Y LUGAR DE SU NUEVA RESIDENCIA, AL IGUAL QUE EL TIPO Y COSTO DE SU NUEVO VEHÍCULO, OPTANDO POR SELECCIONAR ALTERNATIVAS MUCHO MÁS COSTOSAS A LAS QUE POSEÍA AL MOMENTO DE ESTABLECERSE LA PENSIÓN ALIMENTARIA. CON RELACIÓN A LAS MERIENDAS, ESTAS NO SE CONSIDERAN GASTOS EXTRAORDINARIOS.

Aún inconforme, la parte peticionaria presentó el recurso de epígrafe, donde esbozó el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al dictar Orden mediando pasión, prejuicio, parcialidad o error manifiesto al declarar No Ha Lugar la Solicitud de Revisión de Pensión Alimentaria por cambio sustancial

en los gastos del hogar y de la menor, descansando, únicamente, en las meras alegaciones de las partes, negándole a la peticionaria una vista evidenciaria en la que pudiera pasar prueba sobre el aumento en los gastos que justificara la modificación de la pensión alimentaria lo que, además, constituye una violación al debido proceso de ley.

Por otro lado, la parte recurrida presentó el *Alegato en Oposición a "Certiorari"*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, [...], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[2] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No

---

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En esencia, la parte peticionaria sostiene que, el Tribunal de Primera Instancia incidió al declarar No Ha Lugar la *Solicitud de Revisión de Pensión Alimentaria por Cambio Sustancial*, y al basarse en las alegaciones de las partes, negándole una vista evidenciaria. Insiste que, el foro recurrido incurrió en pasión, prejuicio, parcialidad o error manifiesto.

A pesar de que ostentamos jurisdicción para atender el recurso presentado por la señora Laracuente Cortés por tratarse de un asunto de familia, tras evaluar detenidamente el mismo, colegimos que no procede la expedición del auto solicitado. El señalamiento de error antes reseñado, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia.[4]

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *Certiorari*.

**Notifíquese inmediatamente.**

---

[4] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones